UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOTT FRANCIS ICEBERG,

                    Plaintiff,

        v.

THE KROGER CO.,

                    Defendant.

CASE NO. C25-2678JLR

ORDER

## I.    INTRODUCTION

Before the court is Defendant The Kroger Co.'s ("Kroger") motion to dismiss *pro se* Plaintiff Scott Francis Iceberg's complaint.  (MTD (Dkt. # 10); Reply (Dkt. # 16); *see* Compl. (Dkt. # 1-1).)  Mr. Iceberg opposes the motion.  (Resp. (Dkt. # 15).)  The court has reviewed the parties' submissions, the relevant portions of the record, and the governing law.  Being fully advised,[1] the court GRANTS Kroger's motion to dismiss.

---

[1] Kroger requests oral argument.  Mr. Iceberg does not.  The court concludes that oral argument would not assist it in resolving this motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 1

## II.    BACKGROUND

Mr. Iceberg alleges that he purchased various unspecified varieties of Kroger's Mixed Fruit In 100% Fruit Juice (the "Products") approximately 150 times over the past three years, most recently on October 20, 2025, when he purchased the cherry variety at a QFC store in Bothell, Washington.  (Compl. ¶ 7.)  He states that when he purchased the Products, he relied on Kroger's marketing of the Products as containing only "Mixed Fruit In 100% Juice" and "No Artificial Flavors or Sweeteners."  (*Id.* ¶ 7; *see id.* ¶ 23 at 11-12  (including photos of the packaging for Kroger's Cherry Mixed Fruit in Fruit Juice); s*ee also id.* ¶ 23 at 8-10, 13 (including photos of other varieties of the Products).)  The Products Mr. Iceberg purchased, however, allegedly contained "artificial, synthetic ingredients, including citric acid, and ascorbic acid" and water mixed with juice concentrate rather than actual fruit juice.  (Compl. ¶ 7; *see id.* ¶¶ 24-36 (allegations about the use of juice concentrate), 46-83 (allegations about citric acid and ascorbic acid).)  Mr. Iceberg asserts that he would not have purchased the Products—or would have only purchased them at a lower price—had he known that the "Mixed Fruit In 100% Juice" and "No Artificial Flavors or Sweeteners" representations were "false and misleading[.]" (*Id.* ¶ 7.)  The packaging for the Cherry Mixed Fruit in Fruit Juice he purchased on October 20, 2025, however, does not include the language "Mixed Fruit In 100% Fruit Juice." (*Id.* ¶ 23 at 11-12.)

Mr. Iceberg initiated this lawsuit in King County Superior Court on December 3, 2025, when he served Kroger with the summons and complaint.  (Not. of Removal (Dkt. # 1) ¶ 1.)  He raises state-law claims for violation of the Washington Consumer

ORDER - 2

Protection Act, ch. 19.86 RCW ("CPA"); breach of express warranty; and unjust enrichment. (*See* Compl. ¶¶ 106-31.) He seeks damages and an injunction requiring Kroger "to change its business practices to prevent or mitigate the risk of [] consumer deception and violations of law[.]" (*Id.* at 40.)

On December 23, 2025, Kroger removed the action, asserting that this court has diversity jurisdiction because Kroger and Mr. Iceberg are citizens of different states and the cost of complying with Mr. Iceberg's proposed injunction would exceed $75,000. (*See generally* Not. of Removal.) Kroger filed its motion to dismiss on December 30, 2025. (MTD.) The matter was transferred to the undersigned on March 2, 2026. (Transfer Order (Dkt. # 18).) The motion is now fully briefed and ripe for decision.

## III.    ANALYSIS

Below, the court sets forth the legal standard for motions to dismiss for failure to state a claim and then considers Kroger's motion.

### A.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6); *see also* Fed R. Civ. P. 8(a)(2) (requiring the plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief"). Under this standard, the court construes the allegations in the complaint in the light most favorable to the nonmoving party, *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005), and asks whether the claim contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

ORDER - 3

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  The court "is to take all well-pleaded factual allegations as true and to draw all reasonable inferences therefrom in favor of the plaintiff."  *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 663 (9th Cir. 1998) (citation omitted).  The court may also consider judicially noticeable material and documents incorporated by reference into the complaint.  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

Because Mr. Iceberg is proceeding *pro se*, the court must construe the allegations in his complaint liberally.  *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).  Nevertheless, Mr. Iceberg must follow the same rules of procedure that govern other litigants.  *See Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022).

**B.    Motion to Dismiss**

Kroger asserts that the court must dismiss all of Mr. Iceberg's claims under Rule 12(b)(6) because Mr. Iceberg has not plausibly pleaded reliance, causation, and injury. (*See* MTD at 9.)  As discussed below, the court agrees with Kroger.

The court begins by considering Mr. Iceberg's CPA claim.  To state a claim for violation of the CPA, Mr. Iceberg must plausibly allege "(1) [an] unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation."  *Klem v. Wash. Mut. Bank*, 295 P.3d 1179, 1185 (Wash. 2013) (citing *Hangman Ridge Training Stables, Inc.*

ORDER - 4

*v. Safeco Title Ins. Co.*, 719 P.2d 531, 538-39 (Wash. 1986)).  To allege causation under the CPA, he must plead that "but for [Kroger's] unfair or deceptive practice, [he] would not have suffered [the] injury."  *Indoor Billboard/Wash., Inc. v. Integra Telecom. of Wash., Inc.*, 170 P.3d 10, 22 (Wash. 2007).  Because CPA claims are "grounded in fraud[,]" Mr. Iceberg's allegations must also satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading requirements.  *Woodell v. Expedia Inc.*, No. C19-0051JLR, 2019 WL 3287896, at *10 (W.D. Wash. July 22, 2019).  That is, they must "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'"  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)) (cleaned up).  "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."  *Id.* (quoting *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

Here, Mr. Iceberg alleges that (1) Kroger engaged in unfair and deceptive conduct in trade or commerce by marketing the Products as containing only "Mixed Fruit In 100% Juice" and "No Artificial Flavors or Sweeteners" when in fact they "contain artificial, synthetic ingredients, including the artificial flavoring and preservative citric acid, and the artificial preservative ascorbic acid[;]" (2) Kroger's conduct affects the public interest because the misleading packaging "ha[s] the capacity to deceive consumers" and "misrepresents the production and quality" of the Products; and (3) he lost money because he would not have purchased or overpaid for the Products had he known that the "Mixed Fruit in 100% Juice" and "No Artificial Flavors or Sweeteners"

ORDER - 5

representations were false.  (*See* Compl. ¶¶ 106-18.)  As Kroger points out, however, the packaging of the Cherry Mixed Fruit In Juice Mr. Iceberg actually purchased does not include the representation that the product contains "Mixed Fruit in 100% Juice."  (*See* MTD at 9-10; Compl. ¶ 23 at 11-12.)  As a result, the court agrees with Kroger that Mr. Iceberg cannot plausibly plead that he relied on that representation when he purchased the Products and that his reliance caused him to suffer injury.  (*See* MTD at 9-10); *Indoor Billboard/Wash., Inc.*, 170 P.3d at 22.

Kroger also asserts that Mr. Iceberg's claim fails because he does not sufficiently allege that the citric acid and ascorbic acid used in the Products is artificial or functions as a flavoring or sweetener.  (MTD at 16.)  The court again agrees with Kroger.  Mr. Iceberg discusses in depth the use of citric acid and ascorbic acid as preservatives, even though the Products' packaging does not represent that the Products are free from preservatives.  (Compl. ¶¶ 65-78, 102-04; *id.* ¶ 23 at 11-12.)  He also makes detailed allegations that the language "Mixed Fruit In 100% Juice" is misleading, even though the packaging of the Cherry Mixed Fruit in Juice he purchased does not include that language (*Id.* ¶¶ 81-94; *id.* ¶ 23 at 11-12.)  Finally, to the extent Mr. Iceberg alleges that citric acid is used as a flavoring, his allegations appear to be directed to another product.  (*See id.* ¶ 62 (alleging that citric acid is added to the Products "for the purpose of imparting a distinctive sour and tangy flavor, particularly in flavors like White Cheddar, Honey BBQ, and Salt & Vinegar").)

Mr. Iceberg does not meaningfully address the mismatch between his allegations and the labeling of the product he actually purchased.  (*See generally* Resp.)  Instead, he

asserts that whether the "Mixed Fruit In 100% Juice" language appeared on the package he purchased is a fact question not resolvable on a motion to dismiss.  (Resp. at 3.)  The court is not convinced.  As noted, because his CPA claim is based on alleged misrepresentations and sounds in fraud, Mr. Iceberg must comply with the heightened pleading standards of Rule 9(b).  *Woodell*, 2019 WL 3287896, at *10.  By failing to correctly identify the statements at issue, Mr. Iceberg falls short of his burden to specifically allege "the who, what, when, where, and how" of Kroger's alleged misconduct.  *Vess*, 317 F.3d at 1106.  Accordingly, the court grants Kroger's motion to dismiss Mr. Iceberg's CPA claim.

Mr. Iceberg's breach of express warranty and unjust enrichment claims fail for the same reason his CPA claim fails.  To state a breach of express warranty claim, Mr. Iceberg must allege (1) the warranty was part of the basis of the bargain—that is, that he justifiably relied on a statement in the warranty; (2) the warranty relates to a material fact; and (3) the warranty turns out to be untrue.  *See* RCW 7.72.030(2)(b); *Arrow Transp. Co. v. A. O. Smith Co.*, 454 P.2d 387, 390 (Wash. 1969).  Similarly Mr. Iceberg must plausibly allege "a causal link between the alleged wrong and [his] harm" to succeed on his unjust enrichment claim.  *White v. Symetra Assigned Benefits Serv. Co.*, 104 F.4th 1182, 1193 (9th Cir. 2024) (discussing Washington law).  As discussed above, Mr. Iceberg has not plausibly alleged that he relied on the alleged misrepresentations on the Products' packaging or that he suffered an injury caused by that reliance.  Therefore, the court also grants Kroger's motion to dismiss Mr. Iceberg's breach of express warranty and unjust enrichment claims.

ORDER - 7

**C.     Leave to Amend**

"A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.' " *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015).  In determining whether to grant leave to amend, district courts consider factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

The court denies Mr. Iceberg leave to amend his complaint because amendment would be futile.  Mr. Iceberg's complaint is rooted in his assertion that he relied on Kroger's alleged misrepresentation that the Products contain "Mixed Fruit In 100% Juice" and "No Artificial Flavorings or Sweeteners." (*See generally* Compl.)  As discussed above, however, the package of the Cherry Mixed Fruit in Juice Mr. Iceberg purchased does not include the language "Mixed Fruit in 100% Juice," and most of Mr. Iceberg's allegations are directed to preservatives rather than flavorings or sweeteners or to products other than the one at issue here. (*See generally id.*)  In the court's view, it is not possible for Mr. Iceberg to cure the inconsistencies between the language on the product he purchased and the allegations in his complaint.  Therefore, the court dismisses Mr. Iceberg's complaint, and this action, with prejudice.

ORDER - 8

# IV.    CONCLUSION

For the foregoing reasons, the court GRANTS Kroger's motion to dismiss (Dkt. # 10) and DISMISSES Mr. Iceberg's complaint, and this action, with prejudice.

Dated this 17th day of March, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 9